IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWIGHT A. STATEN,

    Plaintiff,                    No. CIV S-06-2719 GEB EFB P

    vs.

MALFI, et al.,                     ORDER AND FINDINGS
                                         AND RECOMMENDATIONS

    Defendants.

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a request to proceed *in forma pauperis*. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, his request to proceed *in forma pauperis* will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff alleges in his complaint that defendants are denying him access to the courts. Plaintiff states that he twice submitted appeals concerning this issue and that those appeals were pending at the time he followed suit.

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle,* 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (*citing Booth,* 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. *McKinney v. Carey,* 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, plaintiff may not exhaust while the suit is pending. *McKinney,* 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, §§ 3084, *et seq.* "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." *Id.* at § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id*., at § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir.2003). However, where it is clear

2

1 from the face of the complaint or pleadings that plaintiff did not exhaust administrative remedies
2 prior to filing suit, *sua sponte* dismissal by the court is appropriate.  42 U.S.C. § 1997e(a); *Wyatt*
3 at 1120 ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal ...") As
4 stated above, plaintiff's statements in his complaint that his appeals were pending at the time he
5 filed suit function as a concession to non-exhaustion and are therefore valid grounds for
6 dismissal. *Id; see also Francis v. Bryant*, 2007 WL 951354 (E.D. Cal.); *El v. Evans*, 2006 WL
7 2385157 (N.D. Cal.).

8        Accordingly,  IT IS HEREBY ORDERED that:

9        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

10       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee
11 shall be collected and paid in accordance with this court's order to the Director of the California
12 Department of Corrections and Rehabilitation filed concurrently herewith.

13       Further, IT IS RECOMMENDED that plaintiff's complaint be dismissed for failure to
14 exhaust administrative remedies prior to filing suit.

15       These findings and recommendations are submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
17 after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
20 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
21 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
22 DATED:   May 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE